**UNITED STATES of America, Plaintiff,**

v.

**Randall Lee JARI, Defendant.**
**No. 71–CR–78.**

United States District Court,
W. D. Wisconsin.

Sept. 14, 1972.

John O. Olson, U. S. Atty., Eric Wahl, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Marc Dorfman, Madison, Wis., for defendant.

---

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

A hearing was held September 11, 1972, on this question:

With respect to the question whether the legally required order of call was observed in this defendant's case, are there presently in existence documents from which defendant can discover all relevant information which might otherwise have been discovered from documents which have been destroyed?

I find that in this particular case the relevant documents which have been destroyed are the Form 261's (delivery lists) for May, 1970, and for the months immediately preceding and following May, 1970; the then current pages from a so-called "desk book"; and the original of Form 201 (notice of call) for May, 1970. I find that in this particular case there are presently in existence documents (the Form 102 book; a rather sizable group of individual registrants' files or "cover sheets"; and a copy of the Form 201 for May, 1970 [1]) from which government personnel can obtain all relevant information which might otherwise have been obtained from documents which have been destroyed. I find that an examination of this rather sizable group of "cover sheets" is an essential step in the process. I find that the "cover sheets" of registrants, other than that of the defendant, are confidential (S.S.Reg. §§ 1608.2(c), 1608.3, 1608.-8) and not available to the defendant or his counsel, unless of course, access should be granted by a valid court order. I conclude that I must answer no to the question to which the September 11, hearing was directed.

I had stated from the bench that if the answer were found to be no, I would proceed to grant the defendant's motion to dismiss. However, neither at the time the question was framed in the July 21, order nor at the conclusion of the September 11 hearing did I perceive what I now consider to be a further, critical question.

My understanding is that there are two principal aspects to the order-of-call issue in a Selective Service criminal prosecution.

One has to do with whether at a given time a local board may have called up more men than state headquarters had authorized it to call up. This point can be determined by the defense by inspecting the Form 201's, which is the communication from the state headquarters to the local board authorizing and requiring the local board to call up a specified number of men in the following month, and by inspecting the Form 261's, which is the form prepared by the local board listing the men who are being "delivered" to the induction center on a given day. When the Form 261 has been destroyed, the number of men ordered to report in a given month, and their identity, can be arrived at only by a procedure which includes as an essential step, examining the "cover sheets" of other registrants, which are confidential.

The second aspect has to do with whether the local board has ordered the defendant to report for induction at a time when the local board's quota could

---

[1]. My finding that a copy of the Form 201 for May, 1970, is presently in existence is a provisional finding. At the September 11 hearing it appeared that such a copy is in existence at the State Selective Service Headquarters, but this was not established by competent evidence. I indicated that if I were to find that the existence of Form 201 is essential to discovering the regularity of the order of the defendant's call, I would then consider whether to permit the government to offer competent proof of its existence. I now find that the existence of Form 201 is essential to permit a determination whether the local board actually ordered up more men in May, 1970 than it was required to order up. I will permit the government to prove up the existence of a copy of Form 201. However, it appears that this is a matter on which counsel for the defendant may readily satisfy themselves without a formal hearing. Counsel for the defendant are requested to submit a letter to the court, within 7 days from this order, stating whether they concede that a copy of Form 201 is in existence.

have been met, and should have been met, by calling up other registrants with certain classifications and random sequence numbers. To determine this point, the defendant can inspect the Form 201's and 261's, the then current sheets from the "desk book" (in which the names of registrants apparently vulnerable to induction are conveniently arranged), and also the Form 102 book (in which each registrant's classification history is recorded in an abbreviated manner). In this way, the defendant may obtain a list of names of registrants who, superficially, appear to have been vulnerable, during the critical time period, to induction earlier than the defendant. The next step is to determine, one by one, why each of these other registrants was not called up earlier than the defendant; this information can only be obtained by examining the individual cover sheets of these registrants, which are confidential records.

Thus, it appears that when the Form 261's and the desk book have been destroyed, it is necessary to determine whether the relevant Form 102, Form 201's, and individual cover sheets remain in existence. In the present case, it has been established that they do.[2] Thus, it is established that there are in existence records from which the regularity of the order of defendant's call can be determined in each of the two aspects discussed in the two immediately preceding paragraphs of this opinion.

The remaining question is whether the unavailability to the defendant of certain critically important records (namely, the confidential cover sheets of other registrants) entitles defendant to dismissal of the action or to other relief. This question has not yet been raised by any motion in this case. If the defendant were to make a prima facie showing that discovery of certain specific cover sheets is essential to the preparation of his defense, and if the plaintiff were to refuse to make such cover sheets available for inspection, the issue would be presented whether or not some procedure can be devised to protect and to preserve, in adequate measure, the competing values involved in the confidentiality of registrants' cover sheets and the discovery rights of defendants in criminal cases.

Because counsel have not had fair warning that the court might decide the pending motion on the basis expressed in this opinion, the following order has been stated provisionally. On or before September 25, 1972, either party may submit a memorandum to the court, with a copy to opposing counsel, objecting to the order and stating the grounds of objection. The court will then decide whether to permit the order to take effect.

---

2. See note 1, *supra*, with respect to Form 201.